## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | | |
|---|---|---|
| **TAMIKA SAXX** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | No. 3:23CV-166-CHB |
| v. | ) | |
| | ) | |
| **INVERNESS TECHNOLOGIES, INC.** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT
\* \* \* \* \* \* \* \* \* \* \*
## JURY TRIAL DEMANDED

Comes now the Plaintiff, Tamika Saxx, and for her Complaint against Inverness Technologies, Inc., states as follows:

### PARTIES

1. The Plaintiff, Tamika Saxx (hereinafter "Mrs. Saxx") is, and at all times relevant hereto, has been a resident of Lexington, Fayette County, Kentucky.

2. The Defendant, Inverness Technologies, Inc., is a for-profit Virginia stock corporation with a principal place of business in Ft. Knox, Hardin County, Kentucky, where it employs more than fifty people, either directly or through subsidiaries, pursuant to U.S. Contract W9124D-22-C-0010. Its agent for service of process is the Kentucky Secretary of State under KRS 454.210 and service of process is made pursuant to FRCP 4(e)(1). The Secretary of State should direct further notification efforts to Inverness Technologies, Inc., 7619 Little River Turnpike, Suite 240, Annandale, Virginia 22003.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 2617(a)(2) and 28 U.S.C. § 1331.

4. Plaintiff's claims for relief are in excess of the minimum required for jurisdiction in this Court.

5. Venue is proper in the Western District of Kentucky pursuant to, *inter alia*, 28 U.S.C. § 1391, as the Defendant's location that employed Plaintiff during the relevant time period is located in the Western District of Kentucky and the events giving rise to the claims occurred substantially within Ft. Knox, Hardin County, Kentucky in the Western District of Kentucky.

6. This matter was the subject of an investigation by the Equal Employment Opportunity Commission, which terminated January 10, 2023, by the issuance of a right-to-sue notice. All required administrative remedies have been exhausted and the Plaintiff has filed this suit within ninety days after her receipt of the EEOC's right-to-sue notice.

## UNDERLYING FACTS

7. Mrs. Saxx began employment with the Defendant in or around January of 2017.

8. Mrs. Saxx's most recent position with the Defendant was West Regional Manager.

9. In or around 2019, Mrs. Saxx was diagnosed with breast cancer and subsequently underwent several surgeries.

10. Since being diagnosed with breast cancer, Mrs. Saxx has consistently and satisfactorily performed her job duties.

11. In or around November and December of 2021, following her last surgery for breast cancer, Mrs. Saxx informed the Defendant of her renewed need for reasonable accommodations associated with her disability. These accommodations included a flexible work schedule, additional time for certain deadlines and submissions and leave for surgeries.

12. Throughout Plaintiff's employment, the Defendant never engaged in the interactive process, as required by the ADA/ADAAA.

13. Mrs. Saxx was required to work outside her medical restrictions related to her disability and was unfairly blamed for not meeting a deadline, despite the fact that her supervisor knew that Mrs. Saxx was unable to meet the deadline due to her medical restrictions. Mrs. Saxx's supervisor harassed her in relation to this incident, yelling and cursing at her.

14. Mrs. Saxx's supervisor also improperly discussed her sensitive health information related to her disability in front of her co-workers and threatened Mrs. Saxx with an unjustified demotion.

15. After Mrs. Saxx objected to the Defendant's harassment, discrimination and failure to accommodate her disability, she was placed on an unjustified performance improvement plan.

16. Defendant's management continued to harass Mrs. Saxx, such as telling Mrs. Saxx that she was supposedly incapable of performing her job due to her disability.

17. This would become a pattern. Throughout the remainder of Ms. Saxx's employment with the Defendant, its management continued to falsely allege that Mrs. Saxx was unable to do her job because of her health and medical conditions, i.e., her disability.

18. Defendant's management began nit-picking Mrs. Saxx work, taking issue with things that, prior to her disability and legally protected activity, had never been made an issue.

19. On or around February 8, 2022, Mrs. Saxx had Defendant's IT department look at her laptop, which she had previously told her supervisor had been damaged.

20. Shortly thereafter, Mrs. Saxx received a call from her supervisor, who, without reasonable justification, began yelling and cursing at her because her laptop was not working. He made additional comments about Mrs. Saxx's disability and again told her that he did not think she could do her job based on her disability. He also threatened to demote Mrs. Saxx.

21. The Defendant's vicious harassment and retaliation caused Mrs. Saxx to experience an episode of significant distress – a serious health condition. So much so that she required medical attention and was taken to the hospital's emergency room. The Plaintiff informed the Defendant of this situation.

22. While Mrs. Saxx awaited treatment at the ER for her serious health condition, she received an email from the Defendant, informing her that her employment with the Defendant was being terminated immediately.

23. After being discharged from the ER, Mrs. Saxx required follow-up treatment for her serious health condition.

## CLAIMS

### COUNT I: DISABILITY DISCRIMINATION

24. Plaintiff reiterates and reincorporates the allegations contained in the foregoing paragraphs of this Complaint as if set forth at length herein.

25. Defendant is an employer within the meaning of the Americans with Disabilities Act.

26. Plaintiff is a qualified individual with a disability within the meaning of the ADA/ADAAA.

27. Plaintiff had a disability as defined in the ADA/ADAAA.

28. Defendant regarded Plaintiff as an individual with a disability.

29. Plaintiff was qualified to perform her job, as she had been doing for some time.

30. Plaintiff was discriminated against and harassed based on her disability, including, but not limited to, the illegal termination of her employment.

31. Plaintiff's disability was a motivating factor in Defendant's adverse action and discrimination against her.

32. The adverse employment action occurred under circumstances that raise reasonable inferences that the Plaintiff's disability was a determining factor in the decision to impose the adverse employment action.

33. As a direct and proximate cause of the Defendant's actions described herein, Plaintiff has suffered from a loss of income and benefits, emotional distress, and mental anxiety, for all of which she should be compensated.

34. Plaintiff is entitled to all relief, legal and equitable, available under the ADA/ADAAA, including the award of damages and attorneys' fees.

35. Defendant's actions and omissions were committed with malice or reckless indifference to Plaintiff's rights.

36. The employer authorized, ratified, or should reasonably have anticipated its agents' actions as described in this Complaint.

37. Under federal law, Plaintiff is further entitled to punitive damages, in an amount to be assessed by the Jury.

## COUNT II: FAILURE TO ACCOMMODATE

38. Plaintiff reiterates and reincorporates the allegations contained in the foregoing paragraphs of this Complaint as if set forth at length herein.

39. Defendant is an employer within the meaning of the ADA/ADAAA.

40. Plaintiff is a qualified individual with a disability within the meaning of the ADA/ADAAA.

41. Defendant regarded Plaintiff as a disabled worker under the meaning of the ADA/ADAAA.

42. As described above, the Defendant repeatedly and willfully failed to provide the Plaintiff with reasonable accommodations for her disability – or to even engage in the interactive process required for the determinations of reasonable accommodations.

43. The Defendant has failed to articulate an undue hardship that it believes it will suffer as a result of making reasonable accommodations.

44. Defendant's failure to participate in the crucial interactive process violates the prevailing law of disability accommodation.

45. Defendant's conduct violated the ADA/ADAAA' requirement that employers provide reasonable accommodations to their disabled employees.

46. Defendant discriminated against the Plaintiff on the basis of her disability, in violation of the ADA/ADAAA.

47. As a direct and proximate cause of the Defendant's actions described herein, Plaintiff has suffered from a loss of income and benefits, emotional distress, and mental anxiety, for all of which she should be compensated.

48. Plaintiff is entitled to all relief, legal and equitable, available under the ADA/ADAAA, including punitive damages.

### COUNT III: FMLA RETALIATION

49. Plaintiff reiterates and reincorporates the allegations contained in the foregoing paragraphs of this Complaint as if set forth at length herein.

50. This is a claim made pursuant to 28 U.S.C. § 2617(a)(2)(A) for violation of 28 U.S.C. §2615(a)(2).

51. Defendant is an employer subject to the FMLA, in that it is a corporate entity, engaged in commerce, employing fifty or more employees for each working day during twenty or more workweeks in the current or preceding calendar year.

52. Plaintiff is an eligible employee under the FMLA, in that at the time of her termination, she had worked for Defendant continuously for at least twelve months prior thereto and had worked at least 1,250 hours during the twelve months prior to the start of her request(s) for FMLA leave.

53. Plaintiff experienced a serious health condition in that she had cancer and had a serious medical episode that required treatment in the ER at the time of her termination.

54. Plaintiff engaged in activities protected under the FMLA, including, without limitation, her lawful requests for FMLA leave and notifying her employer, just prior to her termination,

that she was suffering from a serious medical condition that required treatment at the emergency room.

55. Defendant had actual knowledge of Plaintiff's exercise (or, in the alternative, her attempted exercise) of rights under the FMLA prior to the taking of adverse employment actions against Plaintiff, in that, without limitation, Plaintiff notified WRBM of her serious health condition and requested medical leave protected under the FMLA prior to termination.

56. As a direct result of Plaintiff's exercise (or, in the alternative, her attempted exercise) or her rights under the FMLA, Plaintiff suffered an adverse employment action, including, without limitation, her termination.

57. There is a causal connection between Plaintiff's exercise (or, in the alternative, her attempted exercise) of rights under the FMLA and the adverse employment action taken against her, in that, without limitation, the adverse employment action was taken in acute temporal proximity to Plaintiff's exercising (or, in the alternative, attempting to exercise) her rights under the FMLA.

58. Plaintiff's protected activities under the FMLA were at least a motivating factor in the determination to terminate Plaintiff's employment.

59. By reason of the Defendant's violation of the FMLA, Plaintiff is entitled to legal and equitable remedies, pursuant to the FMLA, including, but not limited to, compensatory damages (including, without limitation, past and present lost wages pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)), interest calculated at the prevailing rate pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii), liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), and reasonable attorney's fees and costs pursuant to 29 U.S.C. § 2617(a)(3). She is further

entitled to equitable relief in the form of reinstatement to employment, or in the alternative, an award of front pay as determined by the Court.

## COUNT IV: FMLA INTERFERENCE

60. Plaintiff reiterates and reincorporates the allegations contained in the foregoing paragraphs of this Complaint as if set forth at length herein.

61. This is a claim made pursuant to 28 U.S.C. § 2617(a)(2)(A) for violation of 28 U.S.C. §2615(a)(1).

62. Defendant is an employer subject to the FMLA, in that it is a corporate entity, engaged in commerce, employing fifty or more employees for each working day during twenty or more workweeks in the current or preceding calendar year.

63. Plaintiff is an eligible employee under the FMLA, in that at the time of her termination, she had worked for Defendant continuously for at least twelve months and had worked at least 1,250 hours during the twelve months prior to the start of her request for FMLA leave.

64. Plaintiff experienced a serious health condition in that she had cancer and had a serious medical episode that required treatment in the ER at the time of her termination.

65. Plaintiff gave notice of her intention to take legally protected leave by notifying her employer of her serious health condition and her need to take leave.

66. Defendant denied Plaintiff of FMLA benefits to which she was entitled, in that, without limitation, Defendant denied her use of FMLA benefits by terminating her employment shortly after she notified Defendant of her serious medical condition and need for leave related to same.

## COUNT V - RETALIATION

67. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

68. Plaintiff engaged in activity protected by the ADA/ADAAA when she requested accommodations for her disability.

69. A request for accommodation is a protected activity under the ADA/ADAAA.

70. A reasonable employer in Defendant's position would know that these requests were protected activity.

71. Plaintiff was subjected to adverse actions by the Defendant because of her engaging in these activities, protected under the ADA/ADAAA and/or the FMLA.

72. A reasonable employee in the Plaintiff's position would have found the Defendant's actions materially adverse.

73. There exists a causal connection between the Defendant's materially adverse actions toward the Plaintiff's and her protected activity.

74. Defendant's conduct violated the ADA/ADAAA's anti-retaliation provision, 42 U.S.C. § 12203 and the FMLA's anti-retaliation provision, 29 U.S.C. § 2615(a)(2).

75. But for the Plaintiff's request for disability accommodations, Defendant would not have subjected her to the adverse employment actions, including, but not limited to the termination of her employment.

76. As a direct and proximate cause of the Defendant's actions described herein, Plaintiff has suffered from a loss of income and benefits, physical and emotional distress, and mental anxiety, for all of which she should be compensated.

77. Plaintiff is entitled to all relief, legal and equitable, available under the ADA/ADAAA and the FMLA, including an award of attorneys' fees and costs.

## PUNITIVE DAMAGES

78. Defendant's actions and omissions were committed with malice or reckless indifference to Plaintiff's rights.

79. The employer authorized, ratified, or should reasonably have anticipated its agents' actions as described in this Complaint.

80. Under the ADA/ADAAA, Plaintiff is further entitled to punitive damages, in an amount to be assessed by the Jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tamika Saxx, hereby demands judgment against the Defendant, Inverness Technologies, Inc. for violation of her rights pursuant to the ADA/ADAAA as follows:

(a) Declare Defendant's conduct in violation of her rights;

(b) Award Plaintiff compensatory damages in such amounts as shall be proved at trial for her economic and other losses, including, but not limited to, back pay, and front pay in lieu of reinstatement to the extent Defendant's conduct has rendered reinstatement impracticable;

(c) Award her damages against Defendant in an amount to be proved at trial for the humiliation, embarrassment, personal indignity, apprehension about her past, current, and future economic well-being, emotional distress, and mental anguish, which has been inflicted upon her by Defendant's wrongful acts;

(d) Award her legal and equitable remedies, pursuant to the FMLA, including, but not

limited to, compensatory damages (including, without limitation, past and present lost wages pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)), interest calculated at the prevailing rate pursuant to 29 U.S.C. § 2617(a)(1)(A)(ii), liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), and reasonable attorney's fees and costs pursuant to 29 U.S.C. § 2617(a)(3). She is further entitled to equitable relief in the form of reinstatement to employment, or in the alternative, an award of front pay as determined by the Court;

(e) Award her punitive damages;

(f) Award her pre-judgment and post-judgment statutory interest;

(g) Award her attorneys' fees and costs pursuant to the ADA/ADAAA and the FMLA;

(h) Order any equitable relief to which Plaintiff is entitled, including reinstatement;

(i) Grant her such further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury to try all issues so triable by jury.

Respectfully submitted,

ROARK & KORUS, PLLC

 /s/ Tyler Z. Korus
Robert L. Roark, Esq.
Tyler Z. Korus, Esq.
401 Lewis Hargett Circle, Suite 210
Lexington, Kentucky 40503
Telephone: 859-203-2430
Facsimile: 859-523-6351
Rob@roarkkorus.com
Tyler@roarkkorus.com
COUNSEL FOR PLAINTIFF